The Honorable Randy Minton State Representative 880 Minton Road Ward, Arkansas 72761-8618
Dear Representative Minton:
I am writing in response to your request for an opinion on the authority of "designated representatives" in their performance of duties under the "Arkansas Sewage Disposal Systems Act," codified at A.C.A. § 14-236-101
— to 118 (Repl. 1998 and Supp. 1999). You have two questions, as follows:
 1. Does a registered sanitarian designated by the authorized agent as a designated representative have the authority to make final inspections of sewage systems when the authorized agent is not available?
 2. Can a designated representative charge fees equal to the cost of the authorized agents expenses involved in a final inspection?
RESPONSE
It is my opinion that the answer to your first question is "yes," designated representatives may make such inspections, but only "at the approval" of the authorized agent. In my opinion the answer to your second question is unclear. The relevant statutes mention and contemplate fees to be charged by designated representatives for final inspections, but under the current regulatory scheme, a mandatory permit fee is charged by the state which ordinarily covers and includes the inspection.
It is necessary from the outset to define some of the terms used above. An "authorized agent" is a person assigned to a particular county or local area by the Division of Sanitarian Services (now called the Division of Environmental Health Protection) of the Arkansas Department of Health. See A.C.A. § 14-236-103(13). This division of the Arkansas Department of Health has general regulatory power over the design, installation and operation of individual sewage disposal systems. See
A.C.A. § 14-236-107(a). This division of the Department of Health appoints "authorized agents," who are sometimes also called "county sanitarians," or "environmental specialists" to perform certain regulatory duties under the act. See e.g., Op. Att'y. Gen. 92-061. These "authorized agents" are state employees. These "authorized agents," in turn, are authorized to designate persons called "designated representatives" who are authorized to make percolation tests, system designs and inspections, subject to final approval of the authorized agent. A.C.A. § 14-236-103(14). A "registered sanitarian" is one of the persons eligible to be designated as a "designated representative" by the authorized agent. See Op. Att'y. Gen. 92-061.
Question 1 — Does a registered sanitarian designated by the authorizedagent as a designated representative have the authority to make finalinspections of sewage systems when the authorized agent is notavailable?
It is my opinion that the answer to this question is "yes," the designated representative may make such inspections, but only "at the approval" of the authorized agent. This conclusion is made plain by the relevant statutes and applicable rules. Section 14-236-103(14) of the Arkansas Code defines the term "designated representative" as a person "designated by the authorized agent to make percolation tests, system designs, and inspections subject to the authorized agent's finalapproval." (Emphasis added). That same subdivision, in the next sentence, requires designated representatives to demonstrate to the authorized agent, prior to their designation, their competency to make percolation tests, designs and final inspections. (Emphasis added). There is also a reference to "final inspections" made by designated representatives in A.C.A. 14-236-118 ("Designated representatives may charge reasonable fees for percolation tests, system designs, and final inspections where the fees are based on generally accepted wage rates for work of the type and on generally accepted charges for equipment and mileage.")
It is clear from a reading of these provisions that designated representatives may "make" such inspections. In my opinion, however, the currently regulatory scheme provides that they may only do so with the approval of the authorized agent. The regulations of the Arkansas State Board of Health, in addition to the statutes above, require this conclusion. Regulation 7.3 (B) of the "Arkansas Rules and Regulations Pertaining to Sewage Disposal Systems" provides for an "installation inspection." The regulation states that "[t]he inspection must be made by the authorized agent, but may be made by their Designated Representativeat the approval of the authorized agent." (Emphasis added). The rules also state that "the installation shall not be covered [buried] until the approval of the authorized agent has been affixed to the inspection report in the space provided on the form." Rule 7.3(B). The next portion of the rule, Section 7.3(C), states that "after approval of the inspection, the authorized agent will approve and issue a PERMIT FOR OPERATION. . . ." (Emphasis added). In my opinion, therefore, designated representatives do have the authority to make final inspections, but only "at the approval" of the authorized agent.
Question 2 — Can a designated representative charge fees equal to thecost of the authorized agents expenses involved in a final inspection?
The answer to this question is unclear under the current regulatory scheme. As noted above, § 14-236-118 of the Arkansas Code states that: "Designated representatives may charge reasonable fees for percolation tests, system designs, and final inspections where the fees are based on generally accepted wage rates for work of the type and on generally accepted charges for equipment and mileage." (Emphasis added). It is my understanding that under the current practice, however, authorized agents, as opposed to designated representatives, perform most, if not all, final inspections. A thirty-dollar "plan review fee" is charged by the Department of Health for the review of each permit. Rule. 7.2. This mandatory fee ordinarily includes the inspection, which is performed, in most instances, by the authorized agent, a state employee. The statute contemplates designated representatives being authorized to charge and collect fees for final inspections, but if they charge fees to the landowner for doing so, the charge to the landowner in such case will be over and above the thirty dollar permit fee which ordinarily includes this service. In that instance (the rare instance in which a designated representative performs a final inspection at the approval of the authorized agent), the landowner may be subjected to charges not levied against landowners when the authorized agent performs the inspection. In my opinion therefore, the current regulatory scheme does not contemplate the charging of such fees by designated representatives, even though the Arkansas statutes do. Legislative or administrative clarification is therefore indicated.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh